**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

VILMA APONTE,

                      Plaintiff,

-vs-                                                  Case No. 6:09-cv-232-Orl-GJK

COMMISSIONER OF SOCIAL
SECURITY,

                      Defendant.
_____

**MEMORANDUM OF DECISION**

Vilma Aponte (the "Claimant"), appeals to the district court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits and supplemental security income. Doc. No. 1. Claimant maintains that the Commissioner's final decision should be reversed and remanded because the Administrative Law Judge (the "ALJ") erred by relying exclusively on the medical vocational grids. Claimant also maintains that the ALJ erred by finding Claimant's subjective complaints not credible. The Commissioner's decision is **REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) because the ALJ erred by relying exclusively on the medical vocational grids.**

**I.    BACKGROUND**

Claimant was born on October 1, 1958, and she completed high school as well as some cosmetology course. R. 75, 376-77. Claimant's past employment experience includes working as a cleaning supervisor at a Ramada Hotel, and doing laundry work for a Disney hotel. R. 96,

377-79. Claimant has not worked since March 31, 2002. R. 75. On February 15, 2006, Claimant filed an application for disability insurance benefits and supplemental security income alleging an onset of disability as of March 31, 2002. R. 75. Claimant alleges disability due to depression, anxiety, obesity, pulmonary pain, severe headaches, and pain in her left arm. R. 103, 380.

Claimant's application was denied initially and upon reconsideration. R. 43, 47-49. Thereafter, Claimant requested a hearing before an ALJ. R. 43. On July 1, 2008, a hearing was held before Administrative Law Judge (the "ALJ") Apolo Garcia. R. 373-89. A vocational expert (the "VE") did not testify at the hearing. R. 373-89. Claimant was the only person to testify at the hearing. R. 373-89. At the hearing, Claimant was represented by counsel. R. 373-89.

On August 13, 2008, the ALJ issued a decision finding Claimant not disabled. R. 17-25. Claimant requested review before the Appeals Council and, on December 5, 2008, the Appeals Council denied Claimant's request for review making the ALJ's decision the final decision of the Commissioner. R. 6-8. On February 2, 2009, Claimant appealed the Commissioner's final decision to this Court. Doc. No. 1. The appeal is now ripe for review.

## II.     THE PARTIES' POSITIONS

The Claimant assigns two narrow errors to the Commissioner's final decision. Doc. No. 15. First, the ALJ erred by exclusively relying on the medical vocational grids where Claimant had a severe mental impairment that significantly limited her ability to perform basic work skills. Doc. No. 15 at 8. Finally, the ALJ erred by finding Claimant not credible because she only has self-imposed restrictions. Doc. No. 15 at 9. Claimant maintains that the medical evidence shows

that her restriction were due to medical conditions. *Id*. Thus, Claimant requests that the Court reverse and remand the case to the Commissioner. Doc. No. 15 at 10.

The Commissioner maintains that substantial evidence supports the ALJ's decision. Doc. No. 19 at 1-21. The Commissioner asserts the ALJ properly relied upon the medical vocational grids because the ALJ properly determined that Claimant "did not have any non-exertional restrictions that would significantly erode the occupational base available" to Claimant. Doc. No. 19 at 17. The Commissioner also maintains that substantial evidence supports the ALJ's credibility finding on the whole. Doc. No. 19 at 12-16. Thus, the Commissioner requests that the final decision be affirmed.

### III.    THE ALJ'S DECISION

On August 13, 2008, the ALJ issued a decision that Claimant was not disabled. R. 17-25. The ALJ made the following significant findings:

1. The Claimant meets the insured status requirements of the Social Security Act through December 31, 2006;

2. The Claimant has not engaged in substantial gainful activity since March 31, 2002, the alleged onset date;

3. The Claimant has the following severe combination of impairments: asthma, morbid obesity, major depression and anxiety disorder;

4. The Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments;

5. After careful consideration of the entire record, the undersigned finds that the Claimant has the residual functional capacity to lift/carry 20 pounds occasionally, and 10 pounds frequently, stand/walk at least two hours in an eight-hour workday, sit 6 hours in an eight-hour workday and she has unlimited ability for pushing and/or pulling. The Claimant can occasionally perform climbing, balancing, stooping, kneeling, crouching, and crawling; and she should avoid concentrated exposure to extreme heat, as well as fumes, odors, dusts, gases, and poor ventilation. The Claimant can perform simple unskilled work;

6. The Claimant is unable to perform any past relevant work;

7. The Claimant was born on October 1, 1958 and was 43 years old, which is defined as a younger individual age 18-49, on the date the alleged onset date;

8. The Claimant has at least a high school education and is able to minimally communicate in English;

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the Claimant is "not disabled," whether or not the Claimant has transferable job skills;

10. Considering the Claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the Claimant can perform; and

11. The Claimant has not been under a disability, as defined in the Social Security Act, from March 31, 2002 through the date of this decision.

*Id.* (emphasis added). Thus, at step-two of the sequential process, the ALJ found that Claimant suffered from a combination of severe impairments including "major depression" and "anxiety disorder." R. 19. At step-five, the ALJ relied exclusively on the medical-vocational guidelines to determine that there were other jobs that existed in significant numbers that the Claimant could perform. R. 25. Accordingly, the ALJ found Claimant not disabled. R. 25.

At step-five, the ALJ states the following:

> In determining whether a successful adjustment to other work can be made, the undersigned must consider the [C]laimant's residual functional capacity, age, education, and work experience in conjunction with the Medical-Vocational Guidelines. If the [C]laimant can perform all or substantially all of the exertional demands at a given level of exertion, the medical-vocational rules direct a conclusion of either "disabled" or "not disabled" depending upon the [C]laimant's specific vocational profile. When the [C]laimant cannot perform substantially all of the exertional demands of work at a given level of exertion and/or has nonexertional limitations, the medical-vocational rules are used as a framework for decisionmaking [sic] unless there is a rule that

> directs a conclusion of "disabled" without considering the additional exertional and/or nonexertional limitations. If the [C]laimant has solely nonexertional limitations, section 204.00 in the Medical-Vocational Guidelines provides a framework for decision making.
>
> If the [C]laimant had the residual functional capacity to perform the full range of sedentary work, considering the [C]laimant's age, education, and work experience, a finding of "not disabled" would be directed by the Medical-Vocational Rule 201.21. However, the additional limitations have little or no effect on the occupational base of unskilled sedentary work. A finding of "not disabled" is therefore appropriate under the framework of this rule.

R. 25. Thus, relied solely on the medical vocational grids to determine Claimant not disabled. R. 25. As set forth below, the ALJ erred by not obtaining testimony from a VE because Claimant has severe non-exertional impairments that significantly affected her ability to perform basic work skills.

## IV. LEGAL STANDARDS

### A. THE ALJ'S FIVE-STEP DISABILITY ANALYSIS

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 CFR §§ 404.1520(a), 416.920(a). The steps are followed in order. If it is determined that the claimant is or is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 CFR §§ 404.1520(b), 416.920(b). Substantial gainful activity ("SGA") is defined as work activity that is both substantial and gainful. "Substantial work activity" is work activity that involves performing significant physical or mental activities. 20 CFR §§

404.1572(a), 416.972(a). "Gainful work activity" is work that is usually performed for pay or profit, whether or not a profit is realized. 20 CFR §§ 404.1572(b), 416.972(b). Generally, if an individual has earnings from employment or self-employment above a specific level set out in the regulations, it is presumed that he has demonstrated the ability to engage in SGA. 20 CFR §§ 404.1574, 404.1575, 416.974, 416.975. If an individual is not engaging in SGA, the analysis proceeds to the second step.

At step two, the ALJ must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 CFR §§ 404.1520(c), 416.920(c). <u>An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities</u>. 20 CFR § 404.1521. <u>An impairment or combination of impairments is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work</u>. 20 CFR §§ 404.1521, 416.921.

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). The ALJ must evaluate a disability claimant as a whole person, and not in the abstract as having several hypothetical and isolated illnesses. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). Accordingly, the ALJ must make it clear to the reviewing court that the ALJ has considered all alleged impairments, both individually and in combination, and must make specific and well-articulated findings as to the effect of a

combination of impairments when determining whether an individual is disabled. *See Jamison v. Bowen*, 814 F.2d 585, 588-89 (11th Cir. 1987); *Davis*, 985 F.2d at 534. A mere diagnosis is insufficient to establish that an impairment is severe. *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002) (citing *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)). A claimant has the burden of proof to provide substantial evidence establishing that a physical or mental impairment has more than a minimal effect on a claimant's ability to perform basic work activities. *See Bridges v. Bowen*, 815 F.2d 622, 625-26 (11th Cir. 1987). However, a remand is required where the record contains a diagnosis of a severe condition that the ALJ failed to consider properly. *Vega v. Comm'r*, 265 F.3d 1214, 1219 (11th Cir. 2001). If the claimant does not have a severe medically determinable impairment or combination of impairments, he is not disabled. If the claimant has a severe impairment or combination of impairments, the analysis proceeds to the third step.

At step three, it must be determined whether the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listing(s)"). 20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the claimant's impairment or combination of impairments meets or medically equals the criteria of a Listing and meets the duration requirement (20 CFR §§ 404.1509, 416.909), the claimant is disabled. If it does not, the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the claimant's RFC. 20 CFR §§ 404.1520(e), 416.920(e). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations

secondary to his established impairments. In making this finding, the ALJ must consider all of the claimant's impairments, including those that may not be severe. 20 CFR §§ 404.1520(e), 404.1545, 416.920(e), 416.945.

Next, the ALJ must determine step four, whether the claimant has the RFC to perform the requirements of his past relevant work. 20 CFR §§ 404.1520(f), 416.920(f); *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). The ALJ makes this determination by considering the claimant's ability to lift weight, sit, stand, push, and pull. *See* 20 C.F.R. § 404.1545(b). The claimant has the burden of proving the existence of a disability as defined by the Social Security Act. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). If the claimant is unable to establish an impairment that meets the Listings, the claimant must prove an inability to perform the claimant's past relevant work. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). The term past relevant work means work performed (either as the claimant actually performed it or as it is generally performed in the national economy) within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the claimant to learn to do the job and have been SGA. 20 CFR §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the claimant has the RFC to do his past relevant work, the claimant is not disabled. If the claimant is unable to do any past relevant work, the analysis proceeds to the fifth and final step.

At the last step of the sequential evaluation process (20 CFR §§ 404.1520(g), 416.920(g)), the ALJ must determine whether the claimant is able to do any other work considering his RFC, age, education and work experience. In determining the physical exertional requirements of work available in the national economy, jobs are classified as

sedentary, light, medium, heavy, and very heavy. 20 CFR § 404.1567. If the claimant is able to do other work, he is not disabled. If the claimant is not able to do other work and his impairment meets the duration requirement, he is disabled. Although the claimant generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Social Security Administration. In order to support a finding that an individual is not disabled at this step, the Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the RFC, age, education and work experience. 20 CFR §§ 404.1512(g), 404.1560(c), 416.912(g), 416.960(c).

### B. THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord*, *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account

evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

Congress has empowered the district court to reverse the decision of the Commissioner without remanding the cause. 42 U.S.C. § 405(g)(Sentence Four). To remand under sentence four, the district court must either find that the Commissioner's decision applied the incorrect law, fails to provide the court with sufficient reasoning to determine whether the proper law was applied, or is not supported by substantial evidence. *Keeton v. Dep't of Health & Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (reversal and remand appropriate where ALJ failed to apply correct law or the ALJ failed to provide sufficient reasoning to determine where proper legal analysis was conducted) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1146 (11th Cir. 1991); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)); *Jackson v. Chater*, 99 F.3d 1086, 1090-91 (11th Cir. 1996) (remand appropriate where ALJ failed to develop a full and fair record of claimant's RFC); *accord Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

This Court may reverse the decision of the Commissioner and order an award of disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *accord*, *Bowen v. Heckler*, 748 F.2d 629, 631, 636-37 (11th Cir. 1984). A claimant may be entitled to an immediate award of benefits where

the claimant has suffered an injustice, *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982), or where the ALJ has erred and the record lacks substantial evidence supporting the conclusion of no disability, *Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985). The district court may remand a case to the Commissioner for a rehearing under sentences four or six of 42 U.S.C. § 405(g); or under both sentences. *Jackson*, 99 F.3d at 1089-92, 1095, 1098. Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829 - 30 (11th Cir. 1984) (remand was appropriate to allow ALJ to explain his basis for determining that claimant's depression did not significantly affect her ability to work).[1]

## V. ANALYSIS

Claimant maintains that the ALJ erred by relying on the Medical-Vocational Grids instead of receiving testimony from a vocational expert. Doc. No. 15 at 8-10. This case presents the recurring issue of whether the ALJ may rely exclusively on the grids for decision, or whether a vocational expert is required. The decision in *Foote v. Chater*, 67 F.3d 1553 (11th Cir. 1995), is instructive on the law:

> Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do. . . . The Secretary bears the burden of establishing that Appellant, who could not perform her past work, could perform alternative work in the national economy. Although this burden can sometimes be met through straightforward application of the Medical-Vocational Guidelines (the "grids"), the regulations regarding the implementation of the grids caution that they are only applicable under certain conditions. For example, the

---

[1] On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand ALJ required to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (on remand ALJ required to consider the need for orthopedic evaluation). After a sentence-four remand, the district court enters a final and appealable judgment immediately, and then loses jurisdiction. *Jackson*, 99 F.3d at 1089, 1095.

> claimant must suffer primarily from an exertional impairment, without significant non-exertional factors. . . . Exclusive reliance on the grids is appropriate in cases involving only exertional impairments (impairments which place limits on an individual's ability to meet job strength requirements). . . . Pain is a nonexertional impairment. . . . <u>Exclusive reliance on the grids is inappropriate when a claimant has a nonexertional impairment that significantly limits the claimant's basic work activities. . . . If the grids are inapplicable, the Secretary must seek expert vocational testimony</u>.

*Id.* at 1559 (citations omitted) (emphasis added). In *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004), the Eleventh Circuit stated that "'[e]xclusive reliance on the grids is not appropriate *either* when [the] claimant is unable to perform a full range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills.'" *Id*. (quoting *Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985) (emphasis in original)).

In *Millhouse v. Astrue*, Case No. 8:08-cv-378-T-TGW, 2009 WL 763740 (M.D. Fla. Mar. 23, 2009), the Court stated the following:

> [T]he Eleventh Circuit has held, as pertinent here, that "[e]xclusive reliance on the grids is not appropriate . . . when a claimant has a non-exertional impairment that significantly limits basic work skills." *Foote v. Chater*, 67 F.3d 1553, 1558 (11th Cir. 1995) (additional quotation marks omitted). The [ALJ] found that the [claimant] has a severe impairment of depression, which means that it significantly affects the [claimant's] ability to work. *See* 20 CFR § 416.921(a). Consequently, the use of the [medical-vocational] grids would have been improper. *See, e.g., Allen v. Sullivan*, 880 F.2d 1200, 1202 (11th Cir. 1989).

*Id*. The Court finds *Millhouse*, Case No. 8:08-cv-378-T-TGW, WL 763740 (M.D. Fla. Mar. 23, 2009), persuasive.

In the present case, the ALJ found specifically determined at step-two that the Claimant

suffers from severe mental impairments of major depression and anxiety disorder. R. 19. As set forth above, the regulations provide that an impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 CFR § 404.1521. Moreover, mental impairments such as depression and anxiety disorder are non-exertional. *See Allen v. Sullivan*, 880 F.2d 1200, 1202 (11th Cir. 1989). Nonetheless, the ALJ, without elaboration, concludes that Claimant's non-exertional impairments have little or no effect on her ability to perform unskilled sedentary work. R. 25 ("However, the additional limitations have little or no effect on the occupational base of sedentary work."). The ALJ's finding at step-two is inconsistent and contradicts the ALJ's finding at step-five. On the one hand, the ALJ finds that Claimant's major depression and anxiety disorders significantly affect her ability to perform basic work skills. On the other hand, the ALJ finds that Claimant's major depression and anxiety disorder have little or no affect on her ability to work. *See* R 19, 25.

The ALJ determined that Claimant's non-exertional impairments were severe. R. 19. Accordingly, the ALJ's exclusive reliance on the grids was inappropriate and, therefore, the ALJ's decision is not supported by substantial evidence. *Phillips*, 357 F.3d at 1243; *Foote*, 67 F.3d at 1558; *Allen*, 880 F.2d at 1202; *Millhouse*, Case No. 8:08-cv-378-T-TGW, WL 763740 (M.D. Fla. Mar. 23, 2009).[2]

## VI. CONCLUSION

For the reasons stated above, it is **ORDERED** that the Commissioner's decision is **REVERSED and REMAND pursuant to sentence four of Section 405(g) to the ALJ for**

---

[2] Because the ALJ erred in exclusively relying on the grids, it is not necessary to consider whether the ALJ also erred in determining Claimant's credibility.

**rehearing consistent with this opinion.** The Clerk is directed to enter judgment in favor of the

Commissioner and close the case.

      **DONE** and **ORDERED** in Orlando, Florida on March 9, 2010.

*/s/ Gregory Kelly*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this Order to:

Wayne Johnson, Esq.
Decicco & Johnson
652 W. Morse Blvd
Winter Park, FL 32789

Susan R. Waldron
U.S. Attorney's Office
Suite 3200
400 N. Tampa St.
Tampa, Florida    33602


Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia    30303-8920

The Honorable Apolo Garcia
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Suite 300
3505 Lake Lynda Dr.
Orlando, Florida    32817-9801